UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT T. BROWNE, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-02869 |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, INC. | § | |
| & PORTFOLIO RECOVERY ASSOCIATES, LLC, | § | |
| | § | |
| *Defendants*. | § | |

MEMORANDUM OPINION AND ORDER

Pending before the court are the following motions: (1) defendants Portfolio Recovery Associates, Inc. ("PRAI") and Portfolio Recovery Associates, LLC's ("PRAL") (collectively, the "defendants") motion for summary judgment; (2) plaintiff Robert T. Browne, Jr.'s ("plaintiff" or "Browne") cross-motion for summary judgment; and (3) Browne's unopposed motion for leave to serve a Rule 45 subpoena. Dkts. 40, 42, 55. After consideration of the summary judgment motions, responses, record, and applicable law, defendants' motion (Dkt. 40) and Browne's motion (Dkt. 42) are **DENIED**. Browne's motion for leave (Dkt. 55) is **GRANTED**.

I. BACKGROUND

*A.  Factual Background*

According to Browne's live complaint, he is a Harris County resident who allegedly held an HSBC Bank Nevada, N.A. Discover Card. Dkt. 37 (Browne's second amended complaint) at 4 ¶ 22. Browne allegedly owes a debt to HSBC Bank for a consumer obligation, and defendants are third-party collectors of that debt. *Id.* at 4 ¶¶ 23–24.[1] According to Browne, the defendants' website claims that they "purchase[] and manage[] portfolios of defaulted and bankrupt consumer

---

[1] Browne denies that he actually owes this debt. *See* Dkt. 41 (plaintiff's deposition transcript) at 37:9–10.

receivables." *See id.* at 3 ¶ 17 (quoting http://www.portfoliorecovery.com). The website also provides, "We acquire portfolios of charged-off and bankrupt consumer debt, as well as utility debt at a discount and seek to collect a multiple of our purchase price over the economic life of a portfolio." *Id.* at 3 ¶ 18 (quoting http://www.portfoliorecovery.com/about_overview.php). Browne alleges that PRAL contacted his father, Robert T. Browne, Sr. ("Browne Sr."), on multiple occasions, through telephone calls to Browne Sr.'s residential phone on March 31, 2011, April 29, 2011, May 1, 2011, May 3, 2011, and May 7, 2011. *Id.* at 4 ¶ 25. Regarding the specific April 29, 2011 call, Browne alleges that one of the PRAL's agents falsely represented to Browne Sr. that she was a friend of the plaintiff who had lost Browne's cellular telephone number and had an urgent need to contact him. *Id.* at 4–5 ¶ 27.

Over the next several months, Browne alleges that PRAL called Browne Sr. multiple times, at frequencies varying from once a week to twice a day. *Id.* at 5 ¶ 28. Browne Sr. has never requested that PRAL or PRAI contact him, nor has Browne given his consent for defendants to communicate with his father. *Id.* at 5 ¶¶ 29–30.

    *B.    Procedural Background*

Browne filed his original complaint against defendants on August 3, 2011. Dkt. 1. Browne asserted claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Texas Debt Collection Practices Act ("TDCPA"), and the Deceptive Trade Practices Act ("DTPA"). *Id.* at 1. After Browne amended his complaint in October 2011, PRAI filed a motion to dismiss on December 5, 2011. Dkt. 12. PRAI contended that the court did not have personal jurisdiction over the company, and PRAI also argued that it was not a debt collector under the FDCPA. *Id.* at 2. The court denied PRAI's motion on January 20, 2012. Dkt. 18.

2

Defendants filed a motion for partial summary judgment on March 9, 2012, arguing that plaintiff does not have standing as a "consumer" to pursue a claim under the DTPA. Dkt. 25. The court agreed and granted partial summary judgment as to Browne's DTPA claims. Dkt. 27 at 4.

Browne filed a second amended complaint (his live pleading) on June 15, 2012. Dkt. 37. Plaintiff's factual allegations are substantially similar to those of previous complaints, but he excised the dismissed DTPA cause of action. His five live claims against defendants are for violations of the federal FDCPA and the TDCPA. *Id.* at 5–12.[2]

Browne's first count is for a violation of 15 U.S.C. § 1692b(3), which prohibits a debt collector from communicating with any person other than the consumer, for the purpose of acquiring location information, more than once unless requested to do so by the person. *Id.* at 5 ¶¶ 33–34. Browne claims that PRAL communicated with his father on multiple occasions in the absence of Browne Sr.'s consent to receive those communications. *Id.* at 6 ¶ 36. Browne's second count is for a violation of 15 U.S.C. § 1692c(b), which provides that a debt collector may not communicate with a third party without the permission of the consumer for any purpose other than obtaining location data. *Id.* at 6–7 ¶¶ 39–40. Browne claims that PRAL violated this provision by communicating with Browne Sr. in connection with the alleged debt without Browne's prior consent. *Id.* at 7 ¶¶ 41–42.

Browne's third count is for a violation of 15 U.S.C. § 1692e(10), which prohibits a debt collector from using any false representation or deceptive means to collect a debt or obtain information regarding a consumer. *Id.* at 8 ¶¶ 45–46. Browne alleges that the April 29, 2011 call, in which an agent of PRAL falsely represented herself to Browne Sr. as one of plaintiff's friends who needed his cell number to deliver an urgent message, violated this provision of the FDCPA. *Id.* at

---

[2] Browne claims in each of his counts that PRAL's agents committed the underlying acts that violate the FDCPA and TDCPA. As to PRAI, Brown states that PRAI did not personally violate the FDCPA or TDCPA, but he contends that PRAI is vicariously liable for the debt collection activity of PRAL, the debt collector hired to collect debts on its behalf. *See* Dkt. 37 at 6 ¶ 37, 7 ¶ 43, 9 ¶ 50, 11 ¶ 58, 12 ¶ 63.

3

8 ¶ 47. Browne further alleges in his fourth count (violation of § 1692f) that the statements in this telephone call made to Browne Sr., who suffers from a serious heart condition, were unfair and unconscionable. *Id.* at 10–11 ¶¶ 55–56.

Browne's last count for relief arises under the TDCPA, Tex. Fin. Code § 392.304(a)(19), which prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Id.* at 12 ¶ 60. Browne alleges that PRAL's false representations in the April 29 phone call violated the TDCPA. *Id.* at 12 ¶¶ 61–62.

On June 29, 2012, defendants filed a motion for summary judgment in which they moved for judgment on two grounds: (1) plaintiff has no evidence of consumer status for FDCPA standing; and (2) plaintiff has no evidence of actual damages. Dkt. 40 (defendants' motion for summary judgment) at 1–3. The following day, on June 30, 2012, plaintiff filed a cross-motion for summary judgment, contending that he is entitled to judgment on all his claims under the FDCPA and TDCPA because the evidence, particularly Browne Sr.'s declaration, establishes that PRAL contacted Browne's father on multiple occasions, and on one occasion under false pretenses, without the express consent of Browne or Browne Sr. Dkt. 42 (plaintiff's motion for summary judgment). Both sides responded to the respective motions for summary judgment, Dkts. 44, 48–1, and Browne filed a reply in support of his motion for summary judgment. Dkt. 46.

On July 7, 2012, defendants filed a motion to strike Browne's motion for summary judgment. Dkt. 43. Browne responded to the motion on July 23, 2012, Dkt. 45, and defendants replied on August 13, 2012. Dkt. 47. The court denied the motion to strike on February 20, 2013. Dkt. 52. The pending motions for summary judgment are ripe for disposition.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). A fact issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the [nonmovant]." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the [nonmovant], there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986).

When the movant bears the burden of proof on an issue, he must establish beyond peradventure *all* of the essential elements of the claims or defenses to warrant judgment in his favor. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). But when the movant does not bear the burden of proof on a claim or affirmative defense, he bears the initial burden of production to show an absence of evidence to support the non-movant's claim. *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002). If the movant makes this showing, the ultimate burden to avoid summary judgment shifts to the non-movant who "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *Davis-Lynch, Inc., v. Moreno*, 667 F.3d 539, 550 (5th 2012). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are no substitute for specific facts showing a genuine dispute for trial. *TIG Ins. Co.*, 276 F.3d at 759.

### III. ANALYSIS

**A.      Defendants' Motion for Summary Judgment (Dkt. 40)**

Defendants move for summary judgment on two grounds: (1) Browne has no evidence that the debt is a "consumer" debt, and he therefore does not have standing under the FDCPA;[3] and (2) Browne has no evidence of actual damages. Dkt. 40 at 1–6. The court considers each of these contentions in turn.

*A.      The "Consumer" Nature of the Debt*

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (internal quotation marks omitted). A consumer is defined under the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692(a)(3). In turn, the FDCPA defines the term *debt* as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The collection of actual or alleged obligations related to business or commercial debts is excluded from the FDCPA's coverage. *Heintz v. Jenkins*, 514 U.S. 291, 293, 115 S. Ct. 1489 (1995) (explaining that the FDCPA "limits 'debt' to consumer debt, *i.e.* debts 'arising out of . . . transaction[s]' that 'are primarily for personal, family, or household

---

[3]    Defendants have not moved for summary judgment as to the "consumer debt" element of plaintiff's TDCA claim.

purposes'") (quoting 15 U.S.C. § 1692a(5)); *see also* S. REP. NO. 95-382, at 3 (1977) (legislative history from the FDCPA's consideration, in which the Senate Committee stated that the Act "has no application to the collection of commercial accounts").

Therefore, to prevail on an FDCPA claim, plaintiff must prove the following: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Stewart v. Alonzo*, No. C-08-347, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009) (Jack, J.) (citing *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995)). Defendants have moved for summary judgment as to the first element of plaintiff's *prima facie* FDCPA claims.

Defendants generally allege that there is no record evidence to support plaintiff's contention that the subject debt was incurred primarily for personal, family, or household purposes. Dkt. 40 at 2–3. Plaintiff responds that the definition of "consumer" includes individuals who are wrongfully or mistakenly dunned by a debt collector. Dkt. 48 at 3 (citing *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1002 (8th Cir. 2011)).

Although plaintiff is nominally correct regarding the FDCPA's protection of non-debtors mistakenly accused of being delinquent as to alleged debts, *Dunham* and other cases have not expanded the FDCPA's reach beyond *consumer* debts. *See Dunham*, 663 F.3d at 1002 (holding that a person can still qualify as a "consumer" even if that person does not actually owe the debt, but remaining silent on the situation not present before the court, *i.e.*, when the alleged debt is not shown to be a consumer receivable as defined by the FDCPA). And while plaintiff also argues that the defendants' own website claims that their "primary business is the purchase . . . of defaulted consumer receivables," Dkt. 42 at 17, that bare statement is not evidence that this particular alleged debt is consumer debt as defined by the FDCPA. And without at least some evidence that this

particular alleged debt meets the statutory definition, plaintiff cannot establish a genuine dispute of material fact as to his consumer status. *See Garcia v. LVNV Funding LLC*, No. A-08-CA-514-LY, 2009 WL 3079962, at **4–5 (W.D. Tex. Sept. 18, 2009).

At the hearing on the pending motions for summary judgment on February 20, 2013, counsel for PRAL indicated that he was not aware of any of his clients' documents that were relevant to plaintiff's consumer status. However, in PRAL's status report, Dkt. 54, PRAL stated that it could order the credit card statements from Discover, the original debtholder. *Id.* at 1. Accordingly, to permit plaintiff the opportunity to review the documents from Discover to which he previously did not have access, defendants' motion for summary judgment as to plaintiff's consumer status is **DENIED**.[4] It is further **ORDERED** that PRAL must produce the documentation it receives from Discover, regarding the debt at issue, no later than sixty (60) days from the date of this order.[5]

    B.    *Actual Damages*

Defendants also move for partial summary judgment, arguing that plaintiff has no evidence of actual damages. Dkt. 40 at 3. Plaintiff responds that his emotional distress, supported by his own testimony, is recoverable under the FDCPA. Dkt. 48-1 at 2. Although plaintiff's evidence of actual damages is not substantial, the court agrees that plaintiff has raised a genuine dispute of material fact.

Actual damages include not only out-of-pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress. Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (FDCPA damages include

---

[4] The court cautions Browne that the denial of defendants' motion for summary judgment does not lessen his burden to demonstrate consumer status at trial.

[5] On March 6, 2013, plaintiff filed an unopposed motion for leave to serve a Rule 45 subpoena on Discover to obtain similar responsive documents. Dkt. 55. The plaintiff's motion is **GRANTED**. If plaintiff receives sufficient documents from Discover before defendants' sixty-day deadline, the parties should agree to waive further production from Discover to comply with defendants' parallel production obligation. Likewise, if defendants receive the responsive documents before the compliance date in plaintiff's subpoena (or a mutually-agreed extended compliance date), then plaintiff should withdraw his Rule 45 subpoena.

"damages for personal humiliation, embarrassment, mental anguish, or emotional distress"). Browne's testimony of emotional damages in his deposition, regarding irritation, shaking, and general upset feelings, is not corroborated by any other evidence. But his testimony is specific enough to go the jury, even without supporting expert testimony. *See Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505, at **4–5 (5th Cir. Nov. 7, 2012) (upholding a jury verdict regarding damages for emotional distress from panic attacks and other mental and physical ailments). Defendants' motion for partial summary judgment, on the issue of actual damages, is **DENIED**.

**IV.     Plaintiff's Motion for Summary Judgment (Dkt. 42)**

Plaintiff moves for summary judgment on grounds that the evidence conclusively demonstrates that PRAL communicated with plaintiff's father on multiple occasions and without Browne Sr. or Browne's permission to do so. Dkt. 42. Plaintiff cites two pieces of evidence for this proposition: (1) Browne Sr.'s declaration, *id.*, Ex. 12; and (2) call notes attached to defendants' responses to discovery, *id.*, Ex. 11 at 15–25.

First, as to Browne Sr.'s declaration, he states multiple times that PRAL contacted him, but he does not state the basis for his belief that it was a PRAL employee who actually spoke with him. And although he states that on one occasion a woman stated that she was trying to contact Browne about "'a call from Portfolio Recovery Associates," he does not state any basis for his belief that she was a PRAL employee. *See* Dkt. 42, Ex. 12 at 2 ¶ 6. This evidence is thus of limited utility and does not rise to the level of conclusive evidence to support summary judgment on plaintiff's claims, even for a strict liability statute. *Fontenot*, 780 F.2d at 1194.

Second, regarding the call notes, they do indicate that a PRAL agent called Browne Sr.'s residential phone line multiple times during the period at issue. Dkt. 42, Ex. 11 at 15–25. But defendants argue that Browne and Browne Sr. lived together for a period of time, and there is no

9

evidence that the calls to the home were specifically directed to Browne Sr. Plaintiff did not respond to this point, and in the absence of case law supporting plaintiff's contentions, the court will not grant summary judgment on this ground. Moreover, as to the unconscionable or deceptive conduct claims under the TDCA and FDCPA, the only evidence of deception is contained in Browne Sr.'s declaration, which the court has already found to be inconclusive, and thus this evidence does not establish plaintiffs' claims of unconscionable conduct as a matter of law. Accordingly, Browne's motion for summary judgment (Dkt. 42) is hereby **DENIED**.

### III. Conclusion

After consideration of the motions, responses, evidence of record, and applicable law, defendants' motion for summary judgment (Dkt. 40) and Browne's motion for summary judgment (Dkt. 42) are **DENIED**. PRAL shall request available credit card information from Discover, as described in PRAL's status report (Dkt. 54), and produce these documents to plaintiff within sixty (60) days of the date of this order. Browne's unopposed motion for leave to serve a Rule 45 subpoena (Dkt. 55) is **GRANTED**.

It is so **ORDERED**.

Signed at Houston, Texas on March 7, 2013.

_____
Gray H. Miller
United States District Judge